UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:16-cv-1302-Orl-37-TBS

Pirtek USA, LLC,

          Plaintiff,

vs.

Michael J. Twillman, Dolores M. Twillman, and
Donald J. Twillman

          Defendants.
_____/

## COMPLAINT

Plaintiff Pirtek USA, LLC ("Pirtek USA"), as and for its Complaint against defendants Michael Twillman, Dolores ("Dee") Twillman, and Donald Twillman (collectively, "Defendants" or "the Twillmans"), states and alleges as follows:

## PARTIES

1. Pirtek USA is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 501 Haverty Court, Rockledge, Florida.

2. Pirtek USA's members and their respective citizenships are as follows:

    (a) Aquarius Equity Pty, Ltd is a citizenship of Australia and

    (b) Pandela Pty Ltd, in its capacity as trustee of Pandela Trust, is a citizen of Australia.

3. Upon information and belief, Michael Twillman is an individual who resides in and is a citizen of the state of Missouri.

4. Upon information and belief, Dolores Twillman (who goes by "Dee" Twillamn) is an individual who resides in and is a citizen of the state of Missouri.

5. Upon information and belief, Donald Twillman is an individual who resides in and is a citizen of the state of Missouri.

## JURISDICTION AND VENUE

6. This is an action for unfair competition, fraud in the inducement, and breach of contract arising out of Defendants' actions and conduct as specified herein.

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as this is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to Pirtek USA's claims occurred in this District and the Franchise Agreement and Personal Guaranty that govern this dispute expressly provide that the Defendants irrevocably admit themselves to and consent to the jurisdiction of this Court.

## FACTUAL BACKGROUND

9. Pirtek USA is an international franchise organization founded in 1997 with a U.S. headquarters in Rockledge, Florida. Pirtek has over 30 years of experience in the hydraulic and industrial hose replacement field, and provides hydraulic and industrial hose services to customers across the United States through its 58 franchises in 23 states. Pirtek

USA is the only franchisor of its kind currently operating in the United States. Pirtek USA makes its distinctive services and products available to the public via authorized franchisees.

10. Pirtek USA has developed a business system for the sale, custom assembly, and installation of industrial and hydraulic hoses, fixed tube assemblies, fittings, and related components and services for customers operating businesses in a variety of industries, including manufacturing, oil and gas, mining, construction, earthmoving and agriculture. Franchisees use the Pirtek USA business system to service and repair customer equipment at their customers' locations in the fastest possible time, minimizing downtime for the repair and service of such customers' equipment. Pirtek USA franchisees typically operate their business from a hose service center and through mobile sales and service units by which qualified technicians can be on-site within one hour, 24 hours a day, 7 days a week, 365 days a year.

11. Pirtek USA franchisees compete with other businesses within the equipment manufacturing hose and fitting market.

### The Twillmans Expressed Interest In, and Avidly Pursued, Becoming a Pirtek USA Franchisee

12. In early January, 2016, Pirtek USA received an online inquiry through Pirtek USA's website from Michael Twillman seeking additional information about owning a Pirtek USA franchise.

13. Approximately one week after submitting their online inquiry via Pirtek USA's website, Dee Twillman stated in a phone call with Steve Morris, Pirtek USA's Franchise Director, that the Twillmans were owners of a heavy equipment rental business, Missouri Crane, and were current Pirtek customers and very familiar with the services

3

offered by their local Pirtek centers. Dee Twillman also stated that the Twillmans did not need to be sold on the Pirtek USA franchising concept because she knew there was demand in the local business community and she understood the Pirtek USA business.

14. On February 2, 2016, Pirtek USA provided the Twillmans with a copy of the Pirtek USA Franchise Disclosure Document ("FDD"). The FDD, among other things, apprises prospective franchise owners of the nature of the Pirtek USA business, including a description of its distinctive products and services. The FDD also describes to prospective franchise owners Pirtek USA's business model, including its hose service centers, mobile sales and service units, and other standards, specifications, sales and business techniques, and the associated trademarks. Pirtek USA had Dee and Michael Twillman sign a Confidentiality Agreement requiring them to keep the FDD confidential, except "in connection with evaluating whether to enter into a Franchise Agreement" with Pirtek USA.

15. In the weeks leading up to the execution of the Franchise Agreement, the Twillmans appeared to be preparing expeditiously to do all that was necessary to launch their Pirtek USA franchise. For example, on January 29, 2016, Michael Twillman emailed Pirtek USA a link to the listing for the retail site in Wentzville, Missouri, that Twillman intended to lease for their Pirtek USA center. The Twillmans also worked with Pirtek USA personnel to identify a franchise territory.

16. During this time period, Dee Twillman informed Pirtek USA that Missouri Crane was staffed by employees who were union members. She stated that they wanted to set up their Pirtek USA franchise under Michael Twillman's name as an entirely separate company – unrelated to Missouri Crane – so that they could avoid any requirement that they

4

hire union employees and pay union wages. Dee Twillman was adamant that the Pirtek USA franchise not use union employees. Dee also later indicated that she and Donald would nonetheless be very involved in the franchise, including securing the financing needed to get the franchise up and running. Dee also indicated that she and Donald wanted to scale down and then eventually get out of the business. They thought that shifting over to a hydraulic hose company like a Pirtek franchise would be a better business opportunity for them in the long term.

17. The Twillmans also informed Pirtek USA that they intended to start their franchise by hiring two mobile sales and service technicians ("MSSTs") from the Overland, Missouri, Pirtek USA franchise, Daniel Wiele and James Pfaffenback. Dee Twillman stated that these particular Overland Pirtek MSSTs had previously performed Pirtek USA-related work for Missouri Crane. Dee Twillman wanted to hire Wiele and Pfaffenback so that the Twillmans could get their Pirtek USA center up and running in short order and without having Wiele and Pfaffenback undergo the standard two-week MSST training program that untrained MSSTs would be required to complete at expense to the hiring franchisee. Pirtek USA advised that, if the Twillmans did become a Pirtek USA franchise owner, it would work with them and the Overland franchise to achieve a smooth transition so that the Twillmans' franchise might hire the two Overland employees, but that the Twillmans must afford the Overland franchise sufficient time to recruit and train replacements.

18. Prior to Michael Twillman's execution of the Pirtek USA Franchise Agreement and Michael, Dee, and Donald Twillman's execution of the related Personal Guaranty, Pirtek USA personnel were mindful, as was their practice, of the scope and nature

of the information they shared with the Twillmans. That is, until the Twillmans signed and were bound by the strict confidentiality and non-compete provisions of the Pirtek USA Franchise Agreement, Pirtek USA personnel shared with them only general business information about the Pirtek USA system (aside from the confidential business information in the FDD, for which Pirtek USA had required the Twillmans to sign a separate confidentiality agreement).

### The Twillmans Attended a Pirtek USA "Discovery Day" and Signed the Franchise Agreement

19. The Twillmans attended a Pirtek USA "Discovery Day" at Pirtek USA's Florida headquarters. Discovery Day is a one-day event organized by Pirtek USA for potential franchisees to meet the Pirtek USA executive team and learn about a range of topics essential to successfully operating a Pirtek USA center, including without limitation franchise training and support, supply chain management, Pirtek USA products and services, service delivery logistics and financial controls. Prospective franchisees also typically tours the Franchise Support Center and the Pirtek USA Distribution Center on Discovery Day.

20. Michael and Dee Twillman attended discovery day at Pirtek USA headquarters on February 19, 2016. Before they had attended all the scheduled events for the day, they indicated that they were ready to sign the Franchise Agreement. At Dee Twillman's request, who again stated concerns about the union employees of her Missouri Crane business, the Franchise Agreement and other documentation relating to their franchise was placed solely in Michael Twillman's name. Dee indicated that Donald also believed that this should be the case. Michael Twillman executed the Pirtek USA Franchise Agreement and Michael and Dee Twillman signed the Personal Guaranty on February 19, 2016.

Thereafter, Michael's father, Donald Twillman, also signed the Personal Guaranty, subjecting him to the terms of the Franchise Agreement. On Discovery Day, Dee Twillman also provided a $25,000 check to Pirtek covering half of the $50,000 franchise fee required of new Franchisees. The check was written from the joint checking account of Dee and Donald Twillman. A true and correct copy of the Franchise Agreement is attached as Exhibit A; a true and correct copy of the Personal Guaranty is attached as Exhibit B.

21. Section 6.E. of the Franchise Agreement prohibits the Twillmans from disclosing or using Pirtek USA's proprietary or confidential business information for any purpose except to operate their Pirtek USA Franchise:

> You may not, during the term of this Agreement or thereafter, communicate, divulge or use for the benefit of any other person or entity any Confidential Information, except to such employees as must have access to it in order to operate your Business. For purposes of this Agreement, "Confidential Information" means proprietary information contained in the Manual or otherwise communicated to you in writing, verbally, or through the internet or other online or computer communications, and any other knowledge or know-how concerning the methods of operation of our Business. Any and all Confidential Information, including, without limitation, processes, materials, methods, procedures, suggested pricing, specifications, techniques and other data, may not be used for any purpose other than conducting the Business in the Territory.

"Business" is a defined term under the Franchise Agreement, meaning: "your PIRTEK Business developed and operated pursuant to this Agreement."

22. The Franchise Agreement, Section 12.C., also contains a non-compete provision applicable both during the term of the Franchise Agreement and following its termination:

> You (including specifically Principal Owner and also any Personal Guarantors as described in Section 16.F) may not engage as an owner,

7

partner, director, officer, franchisee, employee, consultant, agent or in any other capacity in any other business that sells products and services similar to the products and services sold by a PIRTEK business within the Territory or 15 miles of the territory or any Promotional Zone or the territory or promotion zone of any other PIRTEK center for a period of 2 years after expiration or termination of this Agreement. In addition, for the same 2-year period, you may not employ or seek to employ any person who is at that time employed by any other PIRTEK franchise or center or otherwise directly or indirectly induce such person to leave his or her employment. You expressly agree that the 2-year period and 15-mile radius are the reasonable and necessary time and distance needed to protect us if the Agreement expires or it terminated for any reason.

23. Pirtek USA requires its franchisees to agree to a non-compete in order to protect its rights and interests, as well as the rights and interests of its other franchisees, including, among other things, the investment Pirtek USA makes in training and equipping franchisees, the message it send to other franchisees if a franchise is allowed to compete at the end of the relationship, the ability of Pirtek USA to refranchise a particular area, and freedom of Pirtek USA and its franchisees from unreasonable competition by former franchisees that Pirtek trained and equipped, and to protect proprietary and confidential business information.

24. Pursuant to the terms of the Franchise Agreement, Defendants were granted a license to operate a Pirtek USA franchised business using the Pirtek USA unique business system and trademarks. The territory contemplated by the parties generally comprised St. Charles County, Missouri.

### After the Twillmans Signed, Pirtek USA Gave them Detailed Confidential Business Information that Provided a Road-Map of How to Operate the Pirtek USA Franchise

25. After Michael Twillman signed the Franchise Agreement and Michael, Dee, and Donald Twillman signed the Personal Guaranty, Pirtek USA personnel disclosed to them

detailed financial information about Pirtek USA and the Pirtek USA franchise, including projections for gross receipts, gross profits, margins, labor charges and hourly wages and cashflows.

26. In addition, Pirtek USA personnel discussed with Michael and Dee Twillman target industries, target markets and solicitation of those markets, specifically with respect to their Missouri franchise.

27. As Pirtek USA was providing the Twillmans this important information about establishing their business, the Twillmans continued to appear to take steps toward establishing their franchise. For example, on February 22, 2016, the Twillmans formed Missouri Hydraulics & Services LLC, a Missouri entity, through which it would operate its Pirtek USA franchise. Likewise, on or about February 23 or 24, 2016, the Twillmans made an offer on a lease to secure a Pirtek USA storefront (center) and sent Pirtek USA interior photos of the intended lease space.

28. On March 2, 2016, Pirtek USA provided the Twillmans, in hard copy and electronic form, the Pirtek USA Start-Up Guide. As its name implies, the Start-Up Guide materials are a detailed road map for new Pirtek USA franchisees. The Start-Up Guide tells new franchisees what they need to know to start and operate a hose replacement and fluid transfer business and much more. Among the Start-Up Guide materials are detailed Pirtek USA center inventories and related costs. The materials also include an interactive electronic 2016 Pirtek USA pro forma, which reflects detailed cost estimates, budgets and calculated cash requirements applicable to the operation of a Pirtek USA franchise using a low-roof van option, which the Twillmans had indicated they intended to use. These materials provided

the Twillmans with three years of profit and loss projections, a projected year end balance sheet and cash flow analysis, payroll projections, and a detailed start-up questionnaire, addressing the number of vans, lease-related budgets, licensing and permitting fees, technician wages, costs associated with various forms of insurance, and more.

29. The Start-Up Guide also included a detailed listing of the Pirtek USA mobile service equipment and van tool inventories, compensation/bonus schedules for Pirtek USA MSSTs, and Pirtek USA mobile service van options.

30. Pirtek USA would not have provided this confidential business information to the Twillmans had Michael Twillman not executed the Franchise Agreement and had Dee and Michael's father (Donald Twillman) not executed the Personal Guaranty, memorializing their intention to be bound by the terms of the Franchise Agreement. Pirtek USA also would not have shared such information with the Twillmans if it knew that the Twillmans would use it to start their own competing business.

### After Receiving the Start-Up Guide, the Twillmans Suddenly Attempted to "Cancel" the Franchise Agreement

31. On or about March 3, 2016, the day after the Twillmans had received the Start-Up Guide from Pirtek USA, Dee Twillman informed Pirtek USA that the Twillmans wanted to cancel the Franchise Agreement because they had decided to wait on moving forward with their Pirtek USA franchise due to union issues. Michael, Dee, and Donald all signed a letter dated March 3, 2016 to Pirtek USA, indicating that they "cannot proceed," and requesting the return of the Twillmans' initial $25,000 franchise fee.

32. Dee Twillman represented to Pirtek USA at that time that the Twillmans wanted to wait "a few months" for local union concerns to "blow over" and then proceed again with their Pirtek USA franchise.

33. Michael Twillman later emailed Pirtek USA to inform it that the Twillmans were returning the signed original of the Franchise Agreement. However, Pirtek USA never received the original Franchise Agreement from the Twillmans.

34. Substantial aspects of the Pirtek USA business system, including confidential and proprietary business information, were made available to the Twillmans by virtue of their participation in Discovery Day, at which time they signed the Franchise Agreement, and thereafter as Pirtek USA personnel moved forward with plans to get the Twillmans' Pirtek USA center up and running. Pirtek USA would never have given the Twillmans this information if it knew that the Twillmans would later use it to establish a competing business in the same territory as the Pirtek franchise they had contracted for.

### The Twillmans Failed to Comply with their Continuing Obligations Under the Franchise Agreement

35. On March 14, 2016, Michael Twillman sent Pirtek USA a document, indicating that the Twillmans had terminated Missouri Hydraulics & Services, LLC, the entity they had formed to operate their Missouri Pirtek USA business. Attached hereto as Exhibit C is a true and correct copy of Action by Unanimous Written Consent of the Members of Missouri Hydraulics & Services, LLC, directing dissolution of the company, and the accompanying cover email.

36. The same day that the Twillmans cancelled their Pirtek USA franchise LLC (Missouri Hydraulics & Services, LLC), Michael Twillman filed Articles of Organization

11

with the State of Missouri, forming American Hydraulic Services, LLC. Attached hereto as Exhibit D is a true and correct copy of the Certificate of Organization and Articles of Organization for American Hydraulic Services, LLC. Dee Twillman is also involved in running American Hydraulic Services, including making hiring decisions for the company. Donald Twillman is also involved in American Hydraulic Services, including the decision-making for the business.

37. The Twillmans, on information and belief, have used Pirtek USA's confidential information, including the information contained in the Start-Up Guide, to quickly launch and begin operating a competing business. American Hydraulic Services, a business operated by the Twillmans, provides the same mobile hydraulic services as Pirtek USA in the same territory, St. Charles County, Missouri and beyond. As part of the business, American Hydraulic Services sells, assembles and installs industrial and hydraulic hoses, fixed tube assemblies, fittings and related components. Under this new business, the Twillmans are performing the same services as those performed by Pirtek USA franchisees, including the use of mobile sales and service units and technicians.

38. The Twillmans' operation of American Hydraulic Services is a direct violation of the noncompetition provisions set forth in Section 12.C of the Franchise Agreement.

39. In addition, the Twillmans through American Hydraulic Services now employ two former MSSTs of a Pirtek franchise in Overland, Missouri ("Pirtek Overland")—the same two individuals that Dee Twillman had previously told Pirtek she would like to hire for

the Twillmans' Pirtek franchise. Mr. Wiele and Mr. Pfaffenback left their employment with Pirtek Overland on May 1, 2016 and joined American Hydraulic Services shortly thereafter.

40. The Twillmans' employment of Mr. Wiele and Mr. Pfaffenback is a violation of those individuals' non-compete obligations to Pirtek Overland, their former employer, and of the non-compete provision in Section 12.C. of the Franchise Agreement.

41. Mr. Wiele and Mr. Pfaffenback have solicited the business of customers of the Pirtek Overland on behalf of their new employer American Hydraulic Services, which is owned and operated by Michael Twillman.

42. Mr. Wiele and Mr. Pfaffenback also, on information and belief, have used confidential information they acquired by virtue of their Pirtek Overland employment, such as knowledge of Pirtek Overland customer pricing, budgets, services used, and even Pirtek Overland customer identities, in connection with their work on behalf of American Hydraulic Services.

43. The Twillmans' continuing and deliberate conduct is causing, and will continue to cause, irreparable harm to Pirtek USA. The Twillmans' conduct demonstrates their intent to undermine the Pirtek USA business system and to misappropriate Pirtek USA's protected confidential and proprietary information.

44. Although the Twillmans attempted to "cancel" the contract, the confidentiality and non-compete clauses are enforceable, by their very terms, regardless of how the parties to the contract part ways. Also, Pirtek cannot be held to have waived its rights under these provisions, especially given that the Twillmans' "cancellation" and request for return of the franchise fee were based on the fraudulent pretense that the Twillmans merely wanted to wait

13

a few months until union concerns blew over and then proceed again with the franchise. The Twillmans deceptively concealed that they would use the information to establish a new business and compete with Pirtek USA.

45. Although the Franchise Agreement generally provides for the parties to arbitrate disputes, it specifically allows Pirtek USA, notwithstanding the arbitration provisions, to file for injunctive relief in Federal District Court for the Middle District of Florida to enjoin violations of the Agreement:

> In the event of a breach or threatened breach of any of the Terms of this Agreement by you, we will forthwith be entitled to an injunction restraining such breach and/or a decree of specific performance...

Franchise Agreement, Exhibit A, Sections 13.B. & 16.I.1.

### COUNT I: BREACH OF CONTRACT—COVENANT NOT TO COMPETE

46. Pirtek USA hereby incorporates paragraphs 1 through 44 herein.

47. The Twillmans have breached the non-compete provisions of the Franchise Agreement by selling products and services similar to the products and services sold by a Pirtek USA business within the St. Charles County, Missouri, area or within 15 miles of the that or within the territory zone of the Pirtek Overland after termination of the Franchise Agreement.

48. The Twillmans have further breached the non-compete provisions of the Franchise Agreement by employing mobile technicians Mr. Wiele and Mr. Pfaffenback who were employed, until May 1, 2016, by the Overland Pirtek center.

49. The Twillmans are involved in the operation of a directly competitive business which performs the same services as Pirtek USA franchisees and are competing in the same territory and calling on customers of other Pirtek USA franchisees.

50. As a result of Twillmans' involvement in the operation of a directly competitive business, operating in the same territory as formerly licensed to them by the Franchise Agreement and operating using former Pirtek Overland MSSTs who are calling on Pirtek Overland customers, Pirtek USA has suffered irreparable harm and will continue to suffer irreparable harm as a result of the Twillmans' continued breach of the non-compete provisions the Franchise Agreement.

51. Pirtek USA has no adequate remedy at law to protect its substantial business and property rights. The damages from the Twillmans' activities are considerable and continuing and thus not capable of ascertainment at this time.

52. The Twillmans have willfully violated the non-compete provisions of the Franchise Agreement in order to develop and operate a directly competitive business.

53. The Twillmans' violation of their non-compete is causing irreparable harm and damage to Pirtek USA and its other franchisees, including the Pirtek Overland center.

54. Pirtek USA is entitled to preliminary and permanent injunctive relief enforcing the non-compete provisions of the Franchise Agreement.

**COUNT II: BREACH OF CONTRACT--CONFIDENTIALITY OBLIGATIONS**

55. Pirtek USA hereby incorporates paragraphs 1 through 44 herein.

56. As described above, the Twillmans have failed to comply with their contractual obligations to maintain the confidentiality of the valuable and confidential

business information disclosed to them by Pirtek USA prior to their termination of the Franchise Agreement.

57. The Twillmans have acquired critical knowledge of how to launch and operate a Pirtek USA center (or non-Pirtek equivalent business) and mobile service units by virtue of their receipt of the Pirtek USA Start-Up Guide and their detailed communications with Pirtek USA personnel regarding the financial and operational requirements of the business.

58. By operating American Hydraulic Services, LLC – a company Defendants formed the same day that they dissolved their Pirtek USA franchise entity and that provides the same services as a Pirtek USA franchise – the Twillmans are using the information and knowledge they acquired as Pirtek USA franchisees for the benefit of another entity.

59. By employing Mr. Wiele and Mr. Pfaffenback, former Pirtek Overland Senior MSSTs, the Twillmans are wrongfully using the confidential business information and training that Mr. Wiele and Mr. Pfaffenback acquired by virtue of their employment with the Pirtek Overland franchise for the benefit of American Hydraulic Services, LLC.

60. The Twillmans' failure to comply with their obligations not to use Pirtek USA's confidential information as set forth in the Franchise Agreement is causing irreparable harm and damage to Pirtek USA, including damages to the book of business of its franchisees in the area, including the Overland Pirtek.

61. Pirtek USA has no adequate remedy at law to protect its substantial business and property rights and the damages from the Twillmans' failure to comply with their obligations not to use the benefit of another entity Pirtek USA confidential information are continuing and significant.

62. Pirtek USA is entitled to preliminary and permanent injunctive relief enforcing all post-termination obligations of the Franchise Agreement.

## COUNT III – FRAUDULENT INDUCEMENT

63. Pirtek USA hereby incorporates paragraphs 1 through 44 herein.

64. Dee and Michael Twillman made misrepresentations of material fact to Pirtek USA by representing that they intended to own and operate a Pirtek USA franchise in the St. Charles County, Missouri, area when in actuality they intended only to acquire from Pirtek USA its proprietary and confidential business information necessary for the Twillmans to start a directly competing business.

65. Dee and Michael Twillman knew of the falsity of their representations when made. Indeed, Dee and Michael Twillman had no intention of abiding by their contractual obligations to Pirtek USA or even carrying through with the stated objective of the Franchise Agreement, which was to own and operate a Pirtek USA franchise.

66. Dee and Michael Twillman intended for Pirtek USA to rely on their representations and thereby disclose to the Twillmans proprietary and confidential business information essential to the operation and success of a Pirtek USA franchise or equivalent competing business.

67. Pirtek USA justifiably relied on the Twillmans' statement of intent and have been injured thereby, resulting in damages to Pirtek USA and to its franchisees in the St. Charles County, Missouri, area.

**WHEREFORE**, Pirtek USA requests the following relief:

1. For a preliminary and permanent injunction against Dolores and Michael Twillman, their agents – including American Hydraulic Services, LLC, Mr. Wiele and Mr. Pfaffenback – servants, employees and attorneys, and all others in active concert or participation with them, preventing them from using Pirtek USA confidential information for the benefit of themselves or any business entity;

2. For a preliminary and permanent injunction against Dolores and Michael Twillman, their agents – including American Hydraulic Services, LLC, Mr. Wiele and Mr. Pfaffenback – servants, employees and attorneys, and all others in active concert or participation with them, preventing them from violating the terms of the non-compete provisions of the Franchise Agreement;

3. For Pirtek USA's costs, disbursements, and attorneys' fees incurred in this action, as allowed by the Franchise Agreement; and

4. For such other and further relief as the Court deems just and proper.

Dated: July 20, 2016.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Ave., Ste. 2900
P.O. Box 1549 (32802)
Orlando, FL 32801
Tel: (407) 422-6600
Fax: (407) 841-0325
Counsel for Plaintiff

By: _____
JAMES M. TALLEY
Florida Bar No.: 331961
jtalley@bakerdonelson.com
fedcts@bakerdonelson.com
KYLE A. DIAMANTAS

Florida Bar No.: 106916
kdiamantas@bakerdonelson.com

Of Counsel (*Pro hac vice* applications to be submitted)

Faegre Baker Daniels LLP
William L. Killion (MN Bar ID #55700)
Nathan A. Brennaman (MN Bar ID #0331776)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55492
Telephone: (612) 766-8727
Facsimile: (612) 766-1600
William.killion@faegrebd.com
Nate.Brennaman@faegrebd.com

ATTORNEYS FOR PIRTEK USA, LLC