**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PIRTEK USA, LLC,

Plaintiff,

v. Case No. 6:16-cv-01302-Orl-37TBS

MICHAEL J. TWILLMAN; DOLORES M. TWILLMAN; and DONALD J. TWILLMAN,

Defendants.

---

**ORDER**

This cause is before the Court on the following:

1. Defendants' Joint Motion to Transfer this Action to the United States District Court for the Eastern District of Missouri and Incorporated Memorandum of Law (Doc. 29), filed August 12, 2016;
2. Pirtek USA's Response in Opposition to Defendants' Joint Motion to Transfer with Incorporated Memorandum of Law (Doc. 42), filed August 29, 2016;
3. The Amended Case Management Report (Doc. 54), filed September 16, 2016;
4. Defendants' Joint Motion to Dismiss Plaintiff Pirtek USA, LLC's Verified Amended Complaint for Failure to State a Claim and Incorporated Memorandum of Law (Doc. 52), filed September 13, 2016; and
5. Pirtek USA, LLC's Response in Opposition to Defendants' Joint Motion to Dismiss Pirtek's Verified Amended Complaint with Incorporated Memorandum of Law (Doc. 55), filed September 30, 2016.

Over the objections of Defendants Michael J. Twillman, Dolores M. Twillman, and Donald J. Twillman ("**Defendants**"), on October 6, 2016, this Court entered an Order granting in part the motion for preliminary injunction filed by Plaintiff Pirtek USA, LLC ("**Pirtek**"). (Doc. 56 ("**PI Order**").) In accordance with the analysis set forth in the PI Order—which rejected Defendants' arguments that a February 2016 franchise agreement between Pirtek and Defendant Michael Twillman ("**Franchise Agreement**") was effectively rescinded—the Court now finds that the Defendants' Motion to Transfer (Doc. 29) and Motion to Dismiss (Doc. 52) are due to be denied.[1] (Doc. 56, pp. 8–14.)

As noted in the PI Order and discussed at the Hearing, Defendants agreed "to be personally bound by each and every condition and term contained in the Franchise Agreement . . . including without limitation the dispute resolution" provision. (*See* Doc. 56, p. 4.) As such, "the ultimate merits" of the parties' dispute may be decided "in arbitration pursuant to the Franchise Agreement's arbitration clause." (*See id*. at 14, n.9; *see also* Doc. 40-1, pp. 26–27.) Indeed, in their Amended Case Management Report ("**CMR**"), which the parties jointly filed on September 16, 2016, the parties noted that "there may be an issue whether Plaintiff's request for a permanent injunction is subject to arbitration." (Doc. 54, p. 1.) Accordingly, to preserve judicial resources and the parties' respective interests (if any) in arbitration of their disputes, the Court will require that the parties promptly file an Amended CMR. The Amended CMR must provide an additional and distinct section concerning the timing of any arbitration proceedings and the anticipated impact of such arbitration proceedings on this action. *See generally* 9 U.S.C. § 3 (2015).

[1] The parties' familiarity with the events at the Court's Setpember 8, 2016, hearing ("**Hearing**") and the content of the PI Order is assumed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendants' Joint Motion to Transfer this Action to the United States District Court for the Eastern District of Missouri and Incorporated Memorandum of Law (Doc. 29) is **DENIED**.

2. Defendants' Joint Motion to Dismiss Plaintiff Pirtek USA, LLC's Verified Amended Complaint for Failure to State a Claim and Incorporated Memorandum of Law (Doc. 52) is **DENIED**.

3. On or before **October 21, 2016**, the parties shall jointly file an amended Case Management Report in accordance with the requirements of this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 19, 2016.




Copies:

Counsel of Record