## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| PIRTEK USA, LLC,                ) | |
|             ) | |
|        Plaintiff,       ) | |
|            ) | Case No. 6:16-cv-01302-RBD-TBS |
| v.              ) | |
|            ) | |
| MICHAEL J. TWILLMAN, DOLORES  ) | |
| M. TWILLMAN, and DONALD J.    ) | |
| TWILLMAN,       ) | |
|            ) | |
|            ) | |
|       Defendants.    ) | |

## DEFENDANTS' JOINT MOTION FOR EXPEDITED DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendants Michael J. Twillman, Dolores M. Twillman, and Donald J. Twillman ("Defendants" or "the Twillmans") respectfully move the Court, pursuant to Federal Rule of Civil Procedure 26(d)(1), to enter an order expediting discovery in this injunction case.  In support of their motion, Defendants submit the following memorandum of law.

## FACTUAL BACKGROUND

On July 20, 2016, Plaintiff Pirtek USA, LLC ("Pirtek") filed this lawsuit against the Twillmans, alleging the Twillmans had breached the confidentiality obligations and non-compete provisions of a Franchise Agreement.  Doc. 1.  The Complaint also asserted a count for fraudulent inducement.  Doc. 1.  As relief, Pirtek sought a preliminary and permanent injunction against the Twillmans, which would prevent the Twillmans from using Pirtek's confidential information and from violating the non-compete provisions of the Franchise Agreement.  Doc. 1 at 18.  On August 29, 2016, Pirtek filed a Verified Amended Complaint, which sought similar relief.  Doc. 40 at 22.

1

On September 8, 2016, the Court held a hearing on Pirtek's Motion for Preliminary Injunction. Doc. 51. On October 6, 2016 this Court entered its Order granting in part and denying in part Pirtek's Motion for Preliminary Injunction. Doc. 56. Under the terms of the Order, the Court directed the Twillmans to, among other things, immediately destroy or return to Pirtek all Confidential Information (as defined by the Franchise Agreement); enjoined the Twillmans from operating any business which sells products and services substantially similar to those provided by Pirtek or a Pirtek franchise within St. Charles County, Missouri, and within a fifteen-mile radius of either St. Charles County or the Pirtek Overland Franchise until March 3, 2018; and enjoined the Twillmans from using any proprietary information, methods, or trade secrets maintained by Pirtek which were disclosed to the Twillmans by Pirtek or any other persons or entities. Doc. 56 at 20.

## LEGAL ARGUMENT

The Court has broad discretion to order expedited discovery. *See* Fed. R. Civ. P. 26(d)(1) (permitting court to allow discovery before the time specified under the rules). A good cause standard determines whether a Court should permit expedited discovery. *Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-CV-202-FTM-29, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013). The Court looks to five factors when deciding whether a party has shown good cause: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Id.*

This case concerns injunctive relief and the discovery being sought will be used for the permanent injunction hearing. Expedited discovery is particularly appropriate in the injunction

context.  *See Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").  The Twillmans propose to serve targeted discovery on Pirtek, aimed at identifying the information at the heart of the allegations of this case.

Although Defendants have ceased conducting any hose business, expedited discovery is critical to the viability of the Twillmans' business.  They remain aggrieved by the preliminary injunction order.  Pirtek has refused entry of a permanent injunction absent payment of substantial attorneys' fees.[1]  The effect of the status quo under the Court's October 6, 2016 Order has effectively shut down American Hydraulic Services, LLC permanently.  The permanent injunction hearing will reveal the anticompetitive nature of this situation and the lack of actual facts to support Pirtek's claims of irreparable harm, let alone harm caused by Defendants' actual conduct.  This imposes a continuing economic hardship for the Twillman family.  Absent testimony, the Court was left with allegations and argument, not facts.  The Twillmans respectfully believe, that with even limited discovery the Court will have the benefit of a full record and reach different conclusions than the preliminary findings made on the pleadings, documents alone, and attorney argument. Expedited discovery will allow the Twillmans to put important documents and testimony before the Court as quickly as possible, which is essential under the circumstances.  If the preliminary injunction is dissolved, the Twillmans' freedom to engage in business without infringing on Pirtek's legitimate interests will continue unabated.

Defendants believe that Pirtek, having initiated this injunction proceeding, will now seek to compel arbitration of the injunctive aspects of this case.  They cannot choose to litigate and

---

[1] The Twillmans plan to seek discovery on the documents that support the substantial attorneys' fees being requested.

obtain preliminary judicial relief and then shift gears to move for arbitration.  For strategic reasons they made their choice and waived their right to insist on arbitration of all claims.  They cannot, accordingly, avoid discovery and refer this matter to arbitration.

The Twillmans submit that the burden of expedited discovery on Pirtek, in its chosen forum, will be slight.  Its witnesses are in this district and the documents requested are easily accessible and limited.  *See Hubbard,* 2013 WL 1953346, at *1.  Finally, the request is made earlier than typical discovery but not earlier than necessary for use at an upcoming permanent injunction hearing.  *See id.*  In other words, there is just cause for the requested expedited discovery to facilitate preparation of this case for trial on the permanent injunction trial.

WHEREFORE, Defendants respectfully request that this Court issue an Order shortening the time for responding to document requests, interrogatories, and requests for admissions to fifteen days and further directing the parties to conduct two depositions apiece within forty-five days of service of these discovery requests.  *See Hubbard,* 2013 WL 1953346, at *1-2 (granting the parties' motion for expedited discovery that request fifteen days to serve and respond to written document production and then an additional fifteen days to conduct up to three depositions).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned counsel conferred via telephone with Nathan Brennaman, counsel for Plaintiff, on October 20, 2016, in an attempt to resolve the matters raised by this Motion.  Counsel for Plaintiff indicated that he opposes the relief sought by the Motion.

Respectfully submitted,

 /s/ Glenn E. Davis
Glenn E. Davis, Esq.   - Pro Hac Vice
HeplerBroom, LLC
One Metropolitan Square
211 North Broadway, Suite 2700
Saint Louis, Missouri
glenn.davis@heplerbroom.com
T: (314) 480-4154
F: (314) 241-6116

GREENSPOON MARDER, P.A.
Capital Plaza I, Suite 500
201 East Pine Street
Orlando, Florida 32801
Telephone:      (407) 425-6559
Facsimile:      (407) 244-8114
Email:          Cherish.Benedict@gmlaw.com

CHERISH A. BENEDICT, ESQ.
Florida Bar No. 99073

*Attorneys for Defendants Michael J. Twillman,
Dolores M. Twillman, and Donald J. Twillman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October 2016, I electronically filed the foregoing Defendants' Joint Motion for Expedited Discovery and Incorporated Memorandum of Law by using the CM/ECF system and I caused a true and correct copy to be served upon counsels of record James Michael Talley, Esq., and Kyle A. Diamantas, Esq., of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 200 South Orange Avenue, Suite 2900, Orlando, Florida 32801 via the Court's ECF system.

By: */s/ Glenn E. Davis*
        Glenn E. Davis – Pro Hac Vice

5