UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PIRTEK USA, LLC,

    Plaintiff,

v.

MICHAEL J. TWILLMAN, DOLORES M. TWILLMAN, and DONALD J. TWILLMAN,

    Defendants.

Case No. 6:16-cv-01302-RBD-TBS

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PIRTEK USA'S MOTION FOR PAYMENT, BY DEFENDANTS, OF ITS ATTORNEYS' FEES PURSUANT TO THE FRANCHISE AGREEMENT**

Pirtek USA, LLC ("Pirtek") moves to recover the attorneys' fees it expended to obtain the Preliminary Injunction Order ("Motion"), citing a provision within the Franchise Agreement. Doc. 65. This Motion must be denied as untimely under Federal Rule of Civil Procedure 54(d). This Court should also deny the Motion because the contractual provision on which it is based is unconscionable under Florida law. Alternatively, this Court should deny the Motion as premature, since this Court can dissolve or modify the Preliminary Injunction Order at any time – and, indeed, such a motion is currently pending before the Court (Doc. 64).

**I.    FACTUAL BACKGROUND**

On October 6, 2016 this Court entered an Order granting in part and denying in part Pirtek's Motion for Preliminary Injunction. Doc. 56. On October 26, 2016, twenty-days later, Pirtek moved for payment, by the Defendants Michael J. Twillman, Dolores M. Twillman, and Donald J. Twillman ("the Twillmans"), of those attorneys' fees that it incurred in pursuing its preliminary

1

injunction. Doc. 65. In support of this Motion, Pirtek relies on ¶13B of the Franchise Agreement, which states:

> It is mutually agreed that in the event of a breach or threatened breach of any of the terms of this Agreement by you, we will forthwith be entitled to an injunction restraining such breach and/or to a decree of specific performance, without showing or proving any actual damage, *together with recovery of reasonable attorneys' fees and other costs incurred in obtaining said equitable relief*, until such time as a final and binding determination is made by the arbitrators.

Doc. 65 at 2 (quoting Franchise Agreement, ¶13B).

## II.  LEGAL ARGUMENT

### A.  Pirtek's Motion is Time-Barred and Otherwise Deficient Under Rule 54(d)

Rule 54(d)(2)(B) requires that the party moving to collect its attorneys' fees must file its motion "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). The Local Rules of this District do not deviate from Rule 54's fourteen-day requirement. *See* Local Rule 4.18 ("In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment.").

An Order granting a preliminary injunction is a "judgment" within the meaning of Rule 54. *Fin. Servs. Corp. of Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985) (per curiam) ("[A]n order granting a preliminary injunction is a judgment within the meaning of the rule, see Rule 54(a)."); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-CV-0053-GMN-RJJ, 2012 WL 760692, at *1 (D. Nev. Mar. 7, 2012) ("[U]nder Rule 54(a), a judgment is defined to include 'any order from which an appeal lies.' A preliminary injunction order is [such] a 'judgment' . . . .").

The Preliminary Injunction Order is dated October 6, 2016. Under Rule 54 and Local Rule 4.18, in conjunction with the additional three days provided by Rule 6(d), Pirtek had 17 days in which to file their Motion, or until Monday, October 24, 2016. Pirtek did not file its Motion until

2

October 26, 2016. This Court may not extend Rule 54(d)(2)(B)'s deadline absent "a showing of excusable neglect," and Pirtek has not offered any compelling reason for its delay. *See Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 259 (4th Cir. 2008) (per curiam). Pirtek's Motion is time-barred.

Pirtek's Motion is also deficient because it fails to state the amount of attorneys' fees sought. Rule 54(d)(2)(B) requires the moving party to "state the amount sought or provide a fair estimate of [that amount]." Fed. R. Civ. P. 54(d)(2)(B)(iii). Pirtek's Motion wholly fails to comply with this provision of the Rule. Instead, Pirtek notes that it will submit supporting affidavits that describe its fees and costs within seven days of a Court Order finding it is entitled to its fees. Doc. 65 at 3. This procedure – submission of affidavits after a Court Order granting fees – violates the Rule and deprives the Twillmans of any reasonable opportunity to investigate through discovery and object, if appropriate, to Pirtek's actual but now unknown claimed fees and costs. While determination of reasonable attorneys' fees and costs is within the power of the Court, reliance on an untested affidavit is inappropriate in the circumstances of this case. Pirtek's failure to comply with subsection (2)(B)(iii) also provides grounds for denying the Motion.

### B. Paragraph 13B is Unenforceable as Unconscionable

A contract clause may be invalidated if the clause is both procedurally and substantively unconscionable. *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1159 (Fla. 2014). While both procedural and substantive unconscionability must be present, they need not be present to the same degree. *Id.* Florida law embraces a balancing, or sliding scale, approach to unconscionability, with the procedural and substantive aspects of unconscionability evaluated "interdependently rather than as independent elements." *Id.* at 1161.

Procedural unconscionability relates to making of the contract and the parties' relative bargaining power and ability to understand the contractual terms. *Garcia v. Church of Scientology Flag Serv. Org., Inc.*, No. 8:13-CV-220-T-27TBM, 2015 WL 10844160, at *5 (M.D. Fla. Mar. 13, 2015). Substantive unconscionability focuses on whether the terms of the contract are unreasonably favorable to the other party and whether the terms of the contract are so unfair that enforcement should be withheld. *Id.* "In making that assessment, the court asks whether the more powerful party overreached and gained an unjust and undeserved advantage which it would be inequitable to permit him to enforce." *Id.* (internal quotations and citations omitted).

The Franchise Agreement is a non-negotiable form contract that was presented to the Twillmans for their signature. The fee-shifting provision in the Franchise Agreement, one paragraph among 34 pages of unalterable contractual terms, is adhesory, which is "a strong indicator that the contract is procedurally unconscionable because it suggests an absence of meaningful choice . . ." *Id.* at *6. On one side of the contract were the Twillmans, three individuals (actually two),[1] none of whom are attorneys. On the other side of the contract was Pirtek, a global franchise business that boasts 58 franchises within the United States. Doc. 40 at ¶9. The unequal bargaining power, coupled with the form contract, supports a finding of procedural unconscionability.

Paragraph 13B is substantively unconscionable because it only provides attorneys' fees for Pirtek. Under the plain language of the provision, Pirtek can recover its attorneys' fees in obtaining "said equitable relief," but the Twillmans cannot obtain their attorneys' fees in the event that Pirtek was unsuccessful in obtaining equitable relief. *See* Doc. 65 at 2 (quoting Franchise Agreement,

---

[1] Donald J. Twillman, Dolores Twillman's husband, is named as a party to this case but there are no specific allegations directed to him. In fact, he had no involvement in the discussions with Pirtek at any time.

¶13B). Such a one-sided attorneys' fees provision is contrary to Florida law. *See* Fla. Stat. Ann. §57.105(7) ("If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."). Paragraph 13B is substantively unconscionable.

The provision is also substantively unconscionable as applied in the circumstances of this case. In particular, the Twillmans followed the direction of Pirtek on rescission of the Franchise Agreement and did not understand that Pirtek could later claim the Agreement remained in full force and effect or that they could be compelled to pay attorneys' fees for a national law firm from Minneapolis as well as Florida counsel in litigation instigated in Florida. The combination of the forum selection clause, the attorneys' fees provision, and the process followed to rescind the contract, found ineffective by this court despite the Twillmans' good faith challenge, makes an award of attorneys' fees unconscionable here.

### C.   In the Alternative, Pirtek's Motion is Premature

"Preliminary injunctions 'preserve the status quo *until the merits are determined*.'" *Novus Franchising, Inc. v. AZ Glassworks, LLC*, No. 12-CV-1771 MJD/TNL, 2012 WL 5057095, at *10 (D. Minn. Sept. 27, 2012), *report and recommendation adopted,* No. 12-CV-1771 MJD/TNL, 2012 WL 5072363 (D. Minn. Oct. 18, 2012) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981)). As a result, a preliminary injunction order is not a ruling on the merits, *id.,* and may be readily modified, *Taylor v. Chiang*, No. S-01-2407 WBS GGH, 2007 WL 3049645, at *2 (E.D. Cal. Oct. 18, 2007), *aff'd sub nom. Taylor v. Westly*, 525 F.3d 1288 (9th Cir. 2008) (per curiam). The fleeting or temporary nature of a preliminary injunction order makes any award of attorneys' fees premature. *See Novus Franchising,* 2012 WL 5057095, at *10; *see also*

*Sole v. Wyner*, 551 U.S. 74, 84 (2007) ("In short, the provisional relief granted terminated only the parties' opening engagement. Its tentative character, in view of the continuation of the litigation to definitively resolve the controversy, would have made a fee request at the initial stage premature.").[2]

These principles remain true even where a contract provision might specifically authorize such an interim award. *See Novus Franchising,* 2012 WL 5057095, at *10; *see also Capron Trail Cmty. Dev. Dist. v. Frenz Enterprises, Inc.*, 674 So. 2d 875, 876 (Fla. 4th DCA 1996); *First Union Nat. Bank of Florida v. 2800 S.E. Dune Drive Condo. Ass'n, Inc.*, 661 So. 2d 955, 955 (Fla. 4th DCA 1995). In *Novus*, as here, the franchisor sough its attorneys' fees, following entry of a preliminary injunction, citing a provision in the franchise agreement that read:

> *23.3 Collection of Enforcement Fees & Costs*
>
> You will pay us for any and all Costs and Expenses we incur for the collection of past Due Royalty Fees or other amounts due to us or our affiliates. In addition, you will pay all Costs and Expenses we incur in successfully enforcing any term, condition or provision of this Agreement, *in successfully enjoining any violation of this Agreement by you,* or in successfully defending any lawsuit you bring against us.

2012 WL 5057095, at *10. Despite this provision and entry of a preliminary injunction, the Court found that any award of attorneys' fees was premature, even though there were "strong" allegations that the "franchise agreements have been violated." *Id.*

Courts in Florida have reached similar conclusions. In *First Union National Bank of Florida,* the contract between the parties provided that the:

> Contractor shall reimburse Association for reasonable attorneys' fees and costs including such fees and costs *for any proceeding*, trial or appeal, incurred by reason of Contractor's failure to perform under this Contract or any part thereof.

---

[2] While *Sole* was decided based on the "prevailing party" language found 42 U.S.C. §1988(b), its discussion of the fleeting and temporary nature of a preliminary injunction order remains relevant.

661 So. 2d at 955 (emphasis added). Despite this provision, the District Court of Appeal reversed an interim award of attorneys' fees, *following injunctive relief,* holding that the parties were still involved in litigation. *Id.; see also Capron Trail Cmty. Dev. Dist.*, 674 So. 2d at 876 ("We reverse the fee award as we find it was premature for the trial court to award fees, pursuant to the above contract provision, until the outcome of the arbitration is known."). Looking to *Novus Franchising,*[3] *First Union National Bank of Florida,* and *Capron Trial,* Pirtek's Motion is premature.

D. **Pirtek's Cases Do Not Persuade**

Pirtek's fee award cases do not convince. In its Motion, Pirtek cites *Allstate Life Insurance Company* as an example in which the court awarded attorneys' fees based on a contractual provision. Doc. 65 at 2 (citing *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, No. 6:15-CV-294 ORL31TBS, 2016 WL 2620303, at *7 (M.D. Fla. Apr. 14, 2016), *report and recommendation adopted,* No. 6:15-CV-294 ORL 31TBS, 2016 WL 1755844 (M.D. Fla. May 3, 2016)). *Allstate Life Insurance Company* is hardly persuasive for the opposing party failed to respond to the fee motion. *Allstate Life Ins. Co.*, 2016 WL 2620303, at *2 ("Plaintiff's Motion is Unopposed').

The same shortcoming is true of Pirtek's citation to *Saint Consulting Group* and *PostNet International Franchise.* Doc. 65 at 2-3 (citing *Saint Consulting Grp., Inc. v. Payne*, No. 8:10-CV-1089-T-24, 2010 WL 4973514, at *2 (M.D. Fla. Dec. 1, 2010) and *PostNet Int'l Franchise Corp. v. R & B Cent. Enterprises, Inc.*, No. 6:08-CV-106-ORL-31GJK, 2008 WL 4279659, at *5-6 (M.D. Fla. Sept. 16, 2008)). In *Saint Consulting Group,* the opposing party failed to respond to the fee motion and also failed to oppose the plaintiff's underlying motion for a permanent injunction. *Saint Consulting Grp.*, 2010 WL 4973514, at *1. Likewise, in *PostNet International*

---

[3] This is not the same *Novus Franchising* case that is cited in Pirtek's Motion.

*Franchise,* the defendants failed to even answer or respond to the complaint, prompting the court to enter a default judgment and grant permanent injunctive relief. *PostNet Int'l Franchise Corp.,* 2008 WL 4279659, at *5 ("Plaintiff's claims and Motion remain unopposed . . . ."). Unlike here, Pirtek's Motion is not unopposed and Pirtek has not prevailed on a permanent injunction.

Finally, between *Saint Consulting Group, 7-Eleven, Inc., PostNet International Franchise,* and *Novus Franchising,* not one of Pirtek's injunction cases involved the application of Florida law. Doc. 65 at 2-3 (applying Massachusetts, Illinois, Nevada, and Idaho law, respectively). Pirtek's cases do not provide a basis for awarding Pirtek its attorneys' fees.

### III.     CONCLUSION

Pirtek USA's Motion for Payment, by Defendants, of Its Attorneys' Fees Pursuant to the Franchise Agreement should be denied in its entirety.

Respectfully submitted,

*/s/ Glenn E. Davis*
Glenn E. Davis, Esq. - Pro Hac Vice
HeplerBroom, LLC
One Metropolitan Square
211 North Broadway, Suite 2700
Saint Louis, Missouri
glenn.davis@heplerbroom.com
T: (314) 480-4154
F: (314) 241-6116

GREENSPOON MARDER, P.A.

Capital Plaza I, Suite 500
201 East Pine Street
Orlando, Florida 32801
Telephone: (407) 425-6559
Facsimile: (407) 244-8114
Email: Cherish.Benedict@gmlaw.com

CHERISH A. BENEDICT, ESQ.
Florida Bar No. 99073

*Attorneys for Defendants Michael J. Twillman, Dolores M. Twillman, and Donald J. Twillman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2016, I electronically filed the foregoing Defendants' Joint Response in Opposition to Pirtek USA's Motion for Payment, by Defendants, of Its Attorneys' Fees Pursuant to the Franchise Agreement by using the CM/ECF system and I caused a true and correct copy to be served upon counsels of record James Michael Talley, Esq., and Kyle A. Diamantas, Esq., of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 200 South Orange Avenue, Suite 2900, Orlando, Florida 32801 via the Court's ECF system.

By: */s/ Glenn E. Davis*
    Glenn E. Davis – Pro Hac Vice