**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PIRTEK USA, LLC,

        Plaintiff,

v.                                                    Case No. 6:16-cv-01302-Orl-37TBS

MICHAEL J. TWILLMAN; DOLORES M.
TWILLMAN; and DONALD J.
TWILLMAN,

        Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1. The Parties' Second Amended Case Management Report (Doc. 63), filed October 21, 2016;

2. Defendants' Joint Motion for Expedited Discovery and Incorporated Memorandum of Law (Doc. 60), filed October 21, 2016;

3. Pirtek USA, LLC's Response in Opposition to Defendants' Joint Motion for Expedited Discovery (Doc. 73), filed November 4, 2016;

4. Defendants' Joint Motion for Expedited Peremptory Trial Setting and to Modify the Scheduling Order (Doc. 61), filed October 21, 2016;

5. Pirtek USA, LLC's Response in Opposition to Defendants' Joint Motion for Expedited Trial and to Modify the Scheduling Order (Doc. 74), filed November 4, 2016;

6.   Defendants' Joint Motion to Clarify or Modify the Preliminary Injunction Order and Incorporated Memorandum of Law (Doc. 62), filed October 21, 2016;

7.   Pirtek USA, LLC's Response to Defendants' Joint Motion to Clarify or Modify the Preliminary Injunction Order (Doc. 72), filed November 4, 2016;

8.   Defendants' Joint Motion for Relief from the Court's Preliminary Injunction Order of October 6, 2016[,] and Incorporated Memorandum of Law (Doc. 64), filed October 26, 2016;

9.   Pirtek USA, LLC's Response in Opposition to Defendants' Joint Motion for Relief from the Court's Preliminary Injunction (Doc. 68), filed October 31, 2016;

10.  Plaintiff's Notice of Supplemental Authority (Doc. 71), filed November 4, 2016;

11.  Defendants' Reply Brief in Further Support of Their Joint Motion for Relief from the Court's Preliminary Injunction Order (Doc. 77), filed November 10, 2016;

12.  Pirtek USA, LLC's Motion to Compel Arbitration and Stay Litigation and Supporting Memorandum of Law (Doc. 66), filed October 28, 2016;

13.  Defendants' Joint Response in Opposition to Pirtek USA's Motion to Compel Arbitration and Stay Litigation (Doc. 79), filed November 14, 2016; and

14.  Pirtek USA, LLC's Reply in Support of Its Motion to Compel Arbitration and Its Motion for Attorney's Fees (Doc. 82), filed November 28, 2016.

## BACKGROUND

On **July 20, 2016**, Plaintiff Pirtek USA, LLC ("**Pirtek**") filed a Complaint with this Court against Defendants Michael J. Twillman, Dolores M. Twillman, and Donald J. Twillman ("**Defendants**"). (Doc. 1.) Asserting claims of unfair competition, fraud, and breach of the non-compete and confidentiality provisions of a franchise agreement ("**Franchise Agreement**")—which included an arbitration provision ("**Arbitration Agreement**")—Pirtek sought "preliminary and permanent" injunctive relief against Defendants as well as "attorneys' fees incurred in this action, as allowed by the Franchise Agreement." (*See id.*; Doc. 1-1, pp. 27–28; *see also* Doc. 2 ("**PI Motion**").)

On **July 22, 2016**, the Court entered an Order, which set expedited deadlines for service, briefing, and a non-evidentiary hearing ("**Hearing**") concerning the PI Motion ("**Scheduling Order**").[1] (Doc. 15.) Defendants did not immediately seek to modify the Scheduling Order, nor did they request expedited discovery, continuation of the hearing,[2] or the opportunity to present live testimony at the hearing. Rather, Defendants filed: (1) a response to the PI Motion with supporting affidavits and documentary evidence (Doc. 30, 31, 32, 33); (2) a motion to dismiss (Doc. 28 ("**MTD**")); and (3) a motion to transfer (Doc. 29 ("**Transfer Motion**")). The Hearing took place as scheduled on

---

[1] Consistent with the Scheduling Order, the Local Rules provide that "hearings scheduled on applications for a preliminary injunction will be limited in the usual course to argument of counsel unless the Court grants express leave to the contrary in advance of the hearing" in accordance with Federal Rule of Civil Procedure 43. *See* Local Rule 4.06(b); *see also* Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.").

[2] The Local Rules further provide that any hearing "may be postponed" upon stipulation of the parties that additional time to prepare is desired. *See* Local Rule 4.06(b)(4).

**September 8, 2016**, and Defendants' counsel presented argument "on the basis of the affidavits in the record."[3] (*See* Doc. 51.)

In mid-September, the parties filed an initial and an amended Case Management Report ("**CMR**"). (Docs. 53, 54.) Without proposing a specific date for trial, the amended CMR did little more than reiterate the time frames for deadlines suggested by the Court. (*See* Doc. 54). Referencing a "contractual arbitration agreement", the parties did advise that they had agreed to arbitrate "all claims for damages pursuant to the Franchise Agreement"; however, they disagreed on whether claims for injunctive relief must also be arbitrated. (*See* Doc. 54, 4, 13.)[4]

Over Defendants' joint objections, in October, the Court entered Orders: (1) granting the PI Motion in part (Doc. 56 ("**PI Order**")); and (2) denying the MTD and Transfer Motion (Doc. 57 ("**MTD Order**")).[5] The limitations in the PI Order are effective "until **March 3, 2018** or dissolution of the injunction by the Court, whichever comes first." (Doc. 56, pp. 19–20.) On **October 21, 2016**, Defendants filed notice with the Court advising that they: (1) had complied with the PI Order; (2) had "discontinued the business of American Hydraulic Services, Inc."; (3) did "not employ any individuals, including the former employees of" Plaintiff's franchisee, and (4) they are in the process of selling

---

[3] At the Hearing, counsel for Defendants argued that preliminary injunctive relief was inappropriate due to existing factual disputes concerning the St. Louis market, union relations, the actual cause of the harm suffered by Plaintiff, and the severity of the harm to Defendants that might result from an award of injunctive relief. (*See* Doc. 51.)

[4] Given repeated references to the Arbitration Agreement—in the Complaint, the CMRs, the Hearing, and Court Orders—the Court directed the parties to explicitly address arbitration issues in a second amended CMR: "The Amended CMR must provide an additional and distinct section concerning the timing of any arbitration proceedings and the anticipated impact of such arbitration proceedings on this action." (Doc. 57, p. 2.) The parties timely filed their Second Amended CMR on **October 21, 2016**. (See Doc. 63.)

[5] The parties' familiarity with the Hearing and prior Court Orders is assumed.

assets of American Hydraulic Services, Inc. to a third party. (*See* Doc. 59, p. 2 ("**PI Notice**").)

Defendants also sought additional rulings from this Court concerning the PI Order. Specifically, Defendants filed motions seeking: (1) clarification or modification of the PI Order pursuant to Rule 60(a) (Doc. 62 ("**Rule 60(a) Motion**")); and (2) grant relief from the PI Order in accordance with Rules 60(b)(5) and 60(b)(6) (Doc. 64 ("**Rule 60(b) Motion**")). Defendants also moved to: (1) modify the Scheduling Order; and (2) expedite discovery and a permanent injunction trial (Docs. 60, 61 ("**Schedule Modification Motions**").

Plaintiff timely responded to Defendants motions (*see* Docs. 68, 71, 72, 73, 74 ("**Plaintiff's Responses**"), filed a demand for arbitration with the American Arbitration Association ("**AAA**") on **October 26, 2016** (*see* Doc. 67-2 ("**Arbitration Demand**")), and moved to compel arbitration and stay these proceedings on **October 28, 2016** (Doc. 66 ("**Arbitration Motion**")). Defendants "did not oppose the demand for arbitration of the monetary claim" but—based primarily on the doctrine of waiver—they did object to "shifting the pending injunction issues to the arbitral forum." (Doc. 79, p. 2.) On **November 28, 2016**, Plaintiff filed an authorized reply (Doc. 82 ("**Reply**")). The pending motions (Docs. 60, 61, 62, 64, 66) are now ripe for adjudication.

## RULE 60 MOTIONS

Defendants request that the Court modify the PI Order pursuant to Rule 60(a) and that it relieve Defendants from the effect of the PI Order pursuant to Rule 60(b). (Docs. 62, 64.) Plaintiff opposes such relief. (Docs. 68, 72.)

### I.      Rule 60(a) Motion

Rule 60(a) provides that the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Rule provides a mechanism for courts to correct an order so that it reflects what the court intended at the time of ruling; however, "[e]rrors that affect substantial rights of the parties are beyond the scope of [R]ule 60(a)." *See Mullins v. Nickel Plate Mining Co.*, 691 F.2d 971, 973 (11th Cir. 1982); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996).

Here, based on Rule 60(a),[6] Defendants "request that this Court issue an Order clarifying the scope of paragraphs (1)(a)(ii) & (iv)." (Doc. 62, p. 3.) These paragraph provide that Defendants are:

ii.      **ENJOINED AND PROHIBITED** from operating any business which sells products and services substantially similar to those provided by Pirtek or a Pirtek franchise within St. Charles County, Missouri and within a 15-mile radius of either St. Charles County or the Pirtek Overland Franchise until **March 3, 2018 or dissolution of the injunction by the Court**, whichever comes first;

\*      \*      \*

iv.      **ENJOINED AND PROHIBITED** from using any proprietary information, methods, or trade secrets maintained by Pirtek which were disclosed to [any Defendant] by Pirtek or any other persons or entities. This includes, without limitation the use or employment of current and former Pirtek employees, agents, MSSTs, and other persons familiar with Pirtek's customer lists, processes, materials, methods, procedures, suggested pricing, specifications, and techniques.

(Doc. 56, pp. 19–20.) According to Plaintiff, the breadth of the geographic territory in the

---

[6] Defendants cite no case law to support their Rule 60(a) motion. (*See* Doc. 62.)

paragraph 1(a)(ii) is too broad and should be reduced. (Doc. 62.) As to paragraph 1(a)(iv), Defendants contend that they are unsure whether they may "employ the two former Pirtek employees *at all*." (Doc. 62, p. 3.) Defendants' requests for "clarifications" concern the parties' substantial rights—not mere corrections of clerical mistakes. Further, given the clarity of paragraph 1(a)(iv), the Court finds that Defendants' uncertainty is unjustified. Accordingly, the Rule 60(a) Motion is due to be denied.

## II.     Rule 60(b) Motion

"On motion and just terms," Rule 60(b) provides that courts may—in their discretion—relieve a party from an order: (1) if applying the order "prospectively is no longer equitable" (*see* Fed. R. Civ. P. 60(b)(5)); or (2) based on "any other reason that justifies relief" (*see* Fed. R. Civ. P. 60(b)(6)). *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (noting that Rule 60(b) motions are directed to the sound discretion of district courts). Generally, this Court will not exercise its discretion to grant such relief unless the movant establishes that "the circumstances are sufficiently extraordinary to warrant relief." *See Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013); *F.T.C. v. Lalonde*, 545 F. App'x 825, 832 (11th Cir. 2013). As no such extraordinary circumstances are present here, the Rule 60(b) Motion also is due to be denied.

## ARBITRATION

## I.     Legal Standards

As reflected in the Federal Arbitration Act ("**FAA**"), "federal policy strongly favors arbitration." *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n.17 (11th Cir. 2011); *see also* 9 U.S.C. § 2 (providing that arbitration agreements are "valid,

irrevocable, and enforceable save upon such grounds as exist at law or in equity for revocation of any contract"). In accordance with this policy and the terms of the FAA, courts of the United States, upon being satisfied that an arbitrable issue exists, must "on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." *See* 9 U.S.C. § 3.

## II.   Discussion

### A.   The Arbitration Agreement

The Arbitration Agreement is set out in normal type on two initialed pages of the Franchise Agreement, which was executed by Plaintiff and Defendant Michael J. Twillman. (Doc. 1-1, pp. 27–28, 38–39.) The remaining Defendants also agreed—by executing a Personal Guaranty and Agreement to Be Bound Personally By the Terms and Conditions of the Franchise Agreement—to the terms of the Arbitration Agreement,[7] which provides in relevant part:

**DISPUTE RESOLUTION: INJUNCTIVE, RELIEF**

13.     You and we agree as follows.

A.     <u>Dispute Resolution</u>. *Except as qualified below in Section 13.B*, any dispute involving us . . . arising under, out of, or in any way connected with or related to this Agreement, the relationship between the parties or your Business must be submitted to binding arbitration under the authority of the Federal Arbitration Act and must be arbitrated in accordance with the rules and procedures and under the auspices of the American Arbitration Association. . . . Judgment upon the award may be entered in any court having jurisdiction thereof.

\*     \*     \*

---

[7] As noted in the PI Order and discussed at the Hearing, Defendants agreed "to be personally bound by each and every condition and term contained in the Franchise Agreement . . . including without limitation the dispute resolution" provision. (*See* Doc. 57, p. 2.)

> B. <u>Injunctive Relief</u>. *Notwithstanding Section 13.A above, . . . it is mutually agreed that in the event of a breach or threatened breach of any of the terms of this Agreement by you, we will forthwith be entitled to an injunction restraining such breach . . . until such time as a final and binding determination is made by the arbitrators. . . .*

(*Id.* at 27 (emphasis added).)

The parties do not dispute the broad scope of the Arbitration Agreement, nor do they contend that their disputes in this action fall outside the scope of the Arbitration Agreement. (*See* Doc. 54, pp. 13–14; Doc. 79, p. 1 n.1 ("The Twillmans do not dispute that the issue of damages is subject to arbitration under the terms of the Franchise Agreement.").) Rather, to avoid arbitration, Defendants rely on the doctrines of waiver and estoppel.[8] (Docs. 66, 82, 83.) Specifically, Defendants contend that Plaintiff "has waived its right to have the issue of permanent injunctive relief heard by the Arbitrator, because [it] has taken inconsistent positions in litigating this very issue, and because judicial economy dictates that this Court hear the permanent injunction issue."[9] (Doc. 79, p. 1.)

---

[8] Despite the breadth of the Arbitration Agreement, neither party has argued that the arbitrator should resolve Defendants' waiver and estoppel arguments. For this reason, and because the Eleventh Circuit presumes that "questions regarding waiver based on litigation conduct" are for the courts, the Court has addressed these issues. *See Plaintiffs' Shareholders Corp. v. S. Farm Bureau Life Ins. Co.*, 486 F. App'x 786, 789 (11th Cir. 2012) (rejecting argument that the court erred by addressing waiver arguments absent "clear and unmistakable" evidence of an agreement to submit waiver issues to arbitrator).

[9] There is nothing economical about the AAA addressing damages while this Court addresses the propriety of permanent injunctive relief related to the exact same dispute. Accordingly, the Court rejects Defendants' judicial economy argument. Similarly, the Court rejects Defendants judicial estoppel argument because neither the facts nor the procedural posture of this action commend it to the discretionary and equitable invocation of judicial estoppel. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) ("Judicial estoppel is an equitable doctrine invoked at the court's discretion."); *Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983).

**B.    Waiver**

An agreement to arbitrate is waivable, and courts should not compel arbitration "when the party who seeks to compel arbitration has waived that right." *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (noting that courts should not compel arbitration "when the party who seeks to compel arbitration has waived that right"); *see also* 9 U.S.C. § 3 (providing for enforcement of arbitration agreements so long as "the applicant for the stay is not in default in proceeding with such arbitration"). Nonetheless, courts must address waiver issues with "'a healthy regard for the federal policy favoring arbitration.'" *See Grigsby & Assocs., Inc. v. M. Secs. Inv.*, 635 F. App'x 728, 731–33 (11th Cir. 2015) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). As such, parties bear a heavy burden in seeking to establish waiver of arbitration rights. *See id.* at 732; *Krinsk*, 654 F.3d at 1200 n. 17.

Courts may find waiver when "under the totality of the circumstances," the party seeking to compel arbitration "has acted inconsistently with the arbitration right and, in so acting, has in some way prejudiced the other party." *See S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990). Invocation of the litigation machinery prior to demanding arbitration is inconsistent with arbitration rights, as is a lengthy delay in seeking arbitration when coupled with other substantial inconsistent conduct. *See Grigsby & Assocs., Inc.*, 635 F. App'x at 731–33. Similarly, when determining whether a party has been prejudiced, courts "may consider the length of delay in demanding arbitration." *See S&H Contractors, Inc.*, 906 F.2d at 1514 (finding waiver of arbitration right based on an eight month delay in demanding arbitration during which time the

applicant filed motions and took multiple depositions). Courts must also consider the "expense incurred by [a] party from participating in the litigation process." *See id.*; *see also Grigsby & Assocs., Inc.*, 635 F. App'x at 733–34 n.10 (finding no prejudice where a party failed to offer evidence concerning the time and resources expended prior to request for arbitration).

Here, the Court finds that Plaintiff's initiation of this action was not inconsistent with its right to arbitrate the issue of permanent injunctive relief. Courts often consider the "merits of a requested preliminary injunction even where the validity of the underlying claims will be determined in arbitration." *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 238 (2d Cir. 2016); *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894–95 (2d Cir. 2015) ("Where the parties have agreed to arbitrate a dispute, a district court has jurisdiction to issue a preliminary injunction to preserve the status quo pending arbitration."); *Cell Tower Lease Acquisition, LLC v. Rego Park N.H. Ltd.*, 39 N.Y.S.3d 795, 796 (Nov. 3, 2016)(construing arbitration agreement as permitting judicial injunctions, "in keeping with the [FAA]"). Thus, there is nothing unusual about seeking preliminary injunctive relief from the Court and reserving all other issues—including permanent injunctive relief—for arbitration.

Viewing the Arbitration Agreement with "'a healthy regard for the federal policy favoring arbitration'"—which the Court must do, *see Grigsby & Assocs., Inc.*, 635 F. App'x at 733—it appears that the parties implicitly agreed to just such a bifurcated procedure. (*See* Doc. 1-1, p. 27 (requiring submission of disputes to arbitration before the AAA "[e]xcept as qualified below in Section 13.B")); *id.* (providing in Section 13.B that, "[n]otwithstanding Section 13.A above" Plaintiff will be entitled to an injunction "forthwith"

until such time as *"a final and binding determination is made by the arbitrators"*) (emphasis added)). Further, Plaintiff directly quoted the Section 13.B exception in its Complaint, noting that "notwithstanding the arbitration provisions," the parties agreed that Pirtek could file for injunctive relief in this Court. (*See* Doc. 1, ¶ 45 (quoting Arbitration Agreement).)

Finally, the Court notes that the relatively brief delay between Plaintiff's filing of its Complaint and its Arbitration Demand and Motion—approximately three months—also does not support a finding of waiver. (*See* Docs. 66, 67-2.) Such a short duration is not inconsistent with Plaintiff's Arbitration Demand and does not establish any prejudice to Defendants. Moreover, Defendants failed to offer any specific evidence: (1) of their expenditures in opposing injunctive relief in this Court; or (2) concerning whether such expenditures exceed what Defendants would have spent had the preliminary injunctive relief question been asserted in arbitration instead. (*See* Doc. 79.) *see also Grigsby & Assocs., Inc.*, 635 F. App'x at 733–34 n.10 Consequently, the Court finds that Defendants have not met their heavy burden to establish waiver; thus, the Arbitration Motion is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.  Defendants' Joint Motion for Relief from the Court's Preliminary Injunction Order of October 6, 2016 and Incorporated Memorandum of Law (Doc. 64) is **DENIED**.

2.  Defendants' Joint Motion to Clarify or Modify the Preliminary Injunction Order and Incorporated Memorandum of Law (Doc. 62) is **DENIED**.

3.  Pirtek USA, LLC's Motion to Compel Arbitration and Stay Litigation and Supporting Memorandum of Law (Doc. 66) is **GRANTED**.

4.  Defendants' Joint Motion for Expedited Discovery and Incorporated Memorandum of Law (Doc. 60) is **DENIED AS MOOT**.

5.  Defendants' Joint Motion for Expedited Peremptory Trial Setting and to Modify the Scheduling Order (Doc. 61) is **DENIED AS MOOT**.

6.  Within **fourteen days** from the date of this Order, the parties are **DIRECTED** to proceed to arbitration in accordance with their Arbitration Agreement.

7.  The Clerk is **DIRECTED** to administratively close this case pending arbitration, subject to the right of any party to apply to reopen the action upon good cause shown.

8.  The parties are **DIRECTED** to file a joint status report on the progress of the arbitration proceeding on **Friday, December 30, 2016**, and every 90 days thereafter until conclusion.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 7, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record